<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
CARLOS A. CLARK,                     :
                                     :  Civil Action No. 14-3011 (RMB)
           Plaintiff,                :
                                     :
      v.                             :
                                     :
CAMDEN COUNTY                        :
POLICE METRO, et al.,                :  **OPINION**
                                     :
           Defendants.               :
_____:

   This matter is before the Court upon Plaintiff's submission of his <u>in</u> <u>forma</u> <u>pauperis</u> application.  See Docket Entry No. 3. In light of the application and absence of three disqualifying strikes, this Court will grant Plaintiff <u>in</u> <u>forma</u> <u>pauperis</u> status and direct the Clerk to file his complaint ("Complaint"), Docket Entry No. 1.[1]  The Complaint arrived accompanied by a report ("Report") prepared by police upon Plaintiff's arrest.  See Docket Entry No. 1, at 11.  The Report states:

> On 12/06/13 [two police officers] were on . . . patrol [in] the area of . . . Clinton Street Park. . . . [T]hey observed [Plaintiff] occupying the [P]ark after hours, in violation of Camden Municipal Code . . . . As the officers approached [Plaintiff in light of his] being in the [P]ark after hours, he advised them he had

---

[1] Under the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), this Court must now review the Complaint, see 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and <u>sua</u> <u>sponte</u> dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

>   "[d]ope" in his . . . pocket.  [Plaintiff] was placed
>   under arrest . . . .  Search incident to arrest yielded
>   thirty-four bags of . . . heroin . . . and $119.00 US
>   currency.  He was charged with [controlled-substance
>   offences].

Id.

Naming these police officers, as well as a police detective, the police department and the chief of police, as defendants, Plaintiff: (a) concedes that he was in the Park after hours; however, he (b) maintains that his arrest violated his constitutional rights since he was, allegedly, unaware that, under the local law, the Park was closed at 10 p.m., and there was no sign informing patrons of that local law.[2]  See id. at 6-7.

Liberally construed, see Erickson v. Pardus, 551 U.S. 89 (2007), Plaintiff's allegations indicate his interest in raising a Fourth Amendment false arrest claim.  However, Plaintiff's allegations are facially insufficient as pled.[3]

---

[2] While the Report suggests that Plaintiff was arrested on the basis of his statement volunteering to the officers the fact that he was in possession of "dope," and heroin discovered upon his search incident to arrest, this Court presumes – solely for the purposes of screening and without making a factual finding – that Petitioner's arrest occurred as a result of his presence in the Park after hours.

[3] Plaintiff's allegations against the police department are conclusively barred.  Arms of the State, such as the police department, are not  "persons" amenable to suit for damages under § 1983.  See Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989); Grabow v. Southern State Corr., 726 F. Supp. 537, 538-39 (D.N.J. 1989); see also Vance v. Cty of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal. 1996); Mayes v. Elrod, 470 F. Supp. 1188,

"The proper inquiry in a Section 1983 claim based on false arrest is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). "When an officer has probable cause to believe a person committed *even a minor crime*, the balancing of private and public interests is not in doubt and the arrest is constitutionally reasonable." Virginia v. Moore, 553 U.S. 164, 171 (2008) (emphasis supplied). Thus, Plaintiff must state "the facts showing that, under the circumstances within the officer[s'] knowledge, a reasonable officer could not have believed that an offense had been or was being committed by [Plaintiff]." Mosley v. Wilson, 102 F.3d 85, 94-5 (3d Cir. 1996); accord Revell v. Port Authority of New York, New Jersey, 598 F. 3d 128, 137 n.16 (3d Cir. 2010).

Here, the Complaint concedes that Plaintiff was in the Park after hours and, thus, a reasonable officer could have concluded that Plaintiff was committing a violation of the local law. It follows that his arrest was conducted with the requisite probable

---

1192 (N.D. Ill. 1979). Moreover, Plaintiff's allegations against the chief of police and the detective, being based solely on the theory of respondeat superior, are also facially deficient. See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); see also Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991).

cause, rendering his Fourth Amendment claim facially meritless.[4]

Plaintiff's position that he should not have been arrested because he was, allegedly, ignorant of the local law, and there was no sign in the Park informing him of the same, is unavailing. The test as to one's knowledge of law is objective, and the law is presumed known to all, Plaintiff included.[5]

Therefore, Plaintiff's Complaint will be dismissed.[6]

An appropriate Order follows.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: June 27, 2014

---

[4] See Moore, 553 U.S. at 171; see also United States v. Hathcock, 103 F.3d 715 (8th Cir. 1997).

[5] See Gilmore v. Taylor, 508 U.S. 333, 359 (1993) (observing that "a citizen . . . is presumed to know the law," and relying on the axiom in Atkins v. Parker, 472 U.S. 115, 130 (1985), that "[a]ll citizens are presumptively charged with knowledge of the law," citing the finding in North Laramie Land Co. v. Hoffman, 268 U.S. 276, 283 (1925), that "[a]ll persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them; and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it").

[6] However, out of an abundance of caution, this Court will allow Plaintiff an opportunity to file an amended complaint in the event: (a) Plaintiff intended to assert that he was not in the Park after hours, or that the Park was not subject to the local law referred to in the Report; and (b) Plaintiff can aver to facts in support of such assertions.